IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-cv-00006-BO-BM

TINA MARIE PROFFITT,
    Plaintiff,

v.

MARTIN O'MALLEY,
*Commissioner of Social Security*,
    Defendant.

ORDER

This cause comes before the Court on Plaintiff's motion for judgment on the pleadings [DE 12] and motion for leave to file excess pages [DE 14]. A hearing was held on these matters by the undersigned on October 31, 2024, in Raleigh, North Carolina. For the reasons discussed below, plaintiff's motions are GRANTED.

## BACKGROUND

Plaintiff filed for disability insurance benefits on March 2, 2021, alleging that she became disabled on May 1, 2017. She had a hearing before an ALJ on February 15, 2023. The ALJ found that Plaintiff could continue to perform sedentary work and denied her request for benefits. The Appeals Council affirmed the decision of the ALJ, and the decision became final. Plaintiff now brings the present suit under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and

citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Current regulations establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show

that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that the plaintiff had not engaged in substantial gainful activity since May 1, 2017. At step two, the ALJ found that the plaintiff had severe impairments, including the dysfunction of major joints, degenerative disk disease, depression, anxiety, and post-traumatic stress disorder [TR 25]. At step three, the ALJ determined that her impairments did not equal a Listing. At step four, the ALJ described plaintiff as…

> "ha[ving] the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: she can only occasional[ly] use of the left lower extremity to operate foot controls; she can occasionally perform postural movements that include stooping, kneeling, crouching, crawling, and climbing ramps or stairs, but she cannot climb ladders, ropes, or scaffolds; she must also avoid all exposure to unprotected heights. Also, the claimant is limited to the ability to understand, remember, and carry out some simple and some detailed instructions, and she [can] use judgment to make such task-related work decisions; she can sustain concentration, attention, and pace sufficient enough to carry out those instructions for two-hour intervals over the course of a typical eight-hour workday; she can work in occupations requiring only occasional interactions with co-workers, supervisors, and the public; and, she can adapt to routine and no more than occasional changes in work settings or work processes involving no fast-paced assembly line work." [TR 27].

Based on this, the ALJ determined that the plaintiff could perform work as a document preparer, final assembler, or semi-conductor bonder, and that the claimant was not disabled within the meaning of the Act.

The plaintiff argues that the ALJ erred in several ways [DE 4 at 2, 3]. Notably, plaintiff claims that the ALJ did not properly evaluate the medical opinions of her treating physician and that the ALJ's opinion is not supported by substantial evidence. The Court agrees.

Plaintiff was involved in a severe, near-fatal car accident in 2013, and was hospitalized for seven days [TR 723]. Dr. Harris is claimant's treating physician, and has kept detailed notes about her functional capacity for the five years that he has been involved with her care. On

3

October 19, 2019, Dr. Harris stated that the claimant could stand for less than two hours per day and sit for less than four hours per day, was incapable of performing routine tasks or maintaining focus, required frequent breaks and position changes, and would still likely miss four to five days of work per month [TR 762]. Dr. Harris continued to see claimant for pain and continued to abide by his prior assessment of her functional capacity for years [TR 723, 759]. On July 26, 2021, Dr. Harris further diagnosed the claimant with "complex regional pain syndrome type 2 of left lower extremity." [TR 785]. On June 21, 2022, Dr. Harris noted that claimant was unable to stand for more than thirty minutes or to sit for more than forty minutes, relied on a cane, and walked with a limp [TR 1039]. On January 7, 2023, Dr. Harris conducted a disability exam and came to the same conclusions that he had reached on October 19, 2019 [TR 1193].

Contrary to the medical evidence from a physician who had been treating the claimant for five years, the ALJ determined that the claimant could continue to perform sedentary work with certain restrictions. In doing so, the ALJ stated that the opinions of Dr. Harris were not "consistent with the overall evidence of record" because other providers determined that the claimant had generally intact motor and sensory capabilities and less severe gait limitations. [TR 36]. However, Dr. Molis, a state agency consultant, also stated that the claimant medically required a hand-held assistive device [TR 189]. The ALJ likewise disregarded this evidence as inconsistent with the record [TR 37].

The ALJ states that the opinions of Dr. Harris and Dr. Molis are undercut by care records that document "overall clinical stability." [TR 37]. This finding is not supported by the evidence actually present in the record, which includes severe degeneration of the C5–C6 and C6–C7 vertebrae in April 2021 [TR 882], a "moderate disc osteophyte complex at the C5–C6 vertebrae

4

[that] mildly flatten[ed] the [spinal] cord with severe bilateral neural foraminal narrowing," [TR 831], and continuous documentation of pain throughout the record.

The reviewing powers of the federal courts are limited to determining if the ALJ's decision was supported by substantial evidence, including "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Based on the aforementioned evidence of the claimant's physical limitations, as substantiated by both her primary treating physician and a government-retained consultant, the Court determines that the decision of the ALJ is not supported by substantial evidence. Accordingly, the Commissioner's decision must be reversed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 12] is GRANTED. The motion for leave to file excess pages [DE 14] is likewise granted. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this 13 day of November 2024.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE